IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| JOHN HOFMANN, *individually and on behalf of those similarly-situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:23CV-23-JHM |
| W.K.S. FROSTY CORPORATION. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Comes Plaintiff John Hofmann, by and through counsel, and, for his Class Action and Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 e*t. seq.*, and Kentucky Wages and Hours Act, K.R.S. § 337.275 *et seq.* ("KWHA"), against Defendant W.K.S. Frosty Corporation, states as follows:

**I.       Introduction to the Action**

1.      Defendant deprived Plaintiff and similarly-situated employees of overtime compensation by not paying the full overtime rate of pay owed to the employees for their overtime work under the Fair Labor Standards Act (FLSA). Specifically, Defendant employed Plaintiff and others to work at Defendant's Wendy's franchise stores. Defendant paid the employees bonuses as part of their compensation, which were based on formulas, including store profitability. Defendant classified Plaintiff and the other employees as non-exempt employees and, in addition to the bonuses, also paid employees hourly for their work. However, Defendant did not pay the correct amount of overtime compensation for employees' overtime work. Instead of paying one and one-half times the actual rate employees were paid (which, when one correctly includes all

compensation employees received for work performed, included the bonuses), Defendant only paid overtime compensation on the lower base hourly rate of pay. Stated another way, Defendant did not include the bonuses in calculating the overtime rate of pay. By not including the bonuses, Defendant failed to pay Plaintiff and the similarly-situated employees the overtime compensation owed to them under the FLSA and KWHA.

## II.     Jurisdiction and Venue

2.     This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3.     This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") as they are related to Plaintiff's claims under the FLSA; they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant operates a store located in Owensboro, Daviess County, Kentucky within the District of this Court and Plaintiff worked for Defendant in Owensboro, Daviess County, Kentucky within the District of this Court.

## III.    Parties

5.     Plaintiff has worked for Defendant W.K.S. Frosty Corporation in the last three years, including working for Plaintiff in 2022. Plaintiff's consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit 1

6.     Throughout his employment with W.K.S. Frosty Corporation, Plaintiff resided and worked for Defendant in the State of Kentucky and his work was governed by the FLSA.

7. Defendant W.K.S. Frosty Corporation is a for-profit corporation; upon information and belief, Defendant W.K.S. Frosty Corporation may be served by service of process on its Registered Agent, Business Filings, Incorporated, at 306 W. Main St., Ste.512, Frankfort, KY 40601.

8. During all times relevant, Defendant was an employer governed by the FLSA; it was an enterprise covered by the FLSA.

9. Defendant employs and has employed in the last five years other non-exempt employees in the Commonwealth of Kentucky and, like Plaintiff, deprived those employees of overtime compensation owed under the FLSA and/or KWHA by not including bonus compensation in calculating overtime rates of pay.

### IV.   Facts

**A.   Plaintiff Was Entitled to Overtime Compensation.**

10. Throughout his employment, Plaintiff worked a position that was non-exempt under the Fair Labor Standards Act.

11. Specifically, Plaintiff worked at Defendant's Wendy's franchise fast food restaurant/store.

12. Defendant paid Plaintiff a base hourly rate for Plaintiff's work for Defendant; Defendant did not pay Plaintiff a salary.

13. Defendant itself categorized Plaintiff as an employee whose work was non-exempt under the FLSA and KWHA.

14. Defendant categorized Plaintiff's basis of pay as "hourly."

15. When Defendant would credit Plaintiff with having worked more than 40 hours for Defendant in a workweek, Defendant would pay Plaintiff for the hours worked in excess of 40 at

the rate of one and one-half times his base hourly rate of pay.

### B. Defendant Paid Bonuses But Did Not Include the Bonuses in Calculating Overtime Rates of Pay.

16. However, Defendant paid Plaintiff bonuses, and it did not include the bonus compensation in calculating the overtime rate of pay.

17. For example, attached hereto as Exhibit 2 is a true and accurate copy of an Earnings Statement Defendant provided to Plaintiff showing the amount Plaintiff received from Defendant for Plaintiff's work during the period from August 2, 2021 through August 15, 2021 (except that redactions are made in Exhibit 2 to redact Plaintiff's address and last digits of bank account numbers).

18. Upon information and belief, at all relevant times, Defendant treated the period from the beginning of the day on Monday until the end of the day on Sunday as a workweek for purposes of calculating whether or not an employee had worked more than 40 hours in a workweek.

19. Accordingly, Defendant treated the period from the beginning of the day on Monday, August 2, 2021 through the end of the day on Sunday, August 8, 2021 as one complete workweek for purposes of calculating whether or not an employee had worked more than 40 hours in a workweek and were entitled to overtime pay.

20. Similarly, Defendant treated the period from the beginning of the day on Monday, August 9, 2021 through the end of the day on Sunday, August 15, 2021 as a separate complete workweek for purposes of calculating whether or not an employee had worked more than 40 hours in a workweek and were entitled to overtime pay.

21. The Earnings Statement attached hereto as Exhibit 2 reflects the hours worked by Plaintiff in two whole workweeks (and no partial workweeks).

22. During one of the two workweeks reflected in Exhibit 2, Defendant credited Plaintiff with having worked 47.17 hours, which it treated as 40 "Regular" hours and 7.17 "Overtime" hours.

23. During the other one of the two workweeks reflected in Exhibit 2, Defendant credited Plaintiff with having only worked 33.76 hours, and treated these hours as "Regular" hours.

24. Defendant paid Plaintiff $1,453.07 for Plaintiff's 73.76 "Regular" hours for the period from August 2, 2021 through August 15, 2021; disregarding fractional cents in the product of the rate times the hours, this amounted to payment for Plaintiff's "Regular" hours at a rate of $19.70 per hour.

25. Defendant paid Plaintiff $211.87 for Plaintiff's 7.17 hours overtime hours for the period from August 2, 2021 through August 15, 2021; disregarding fractional cents in the product of the rate times the hours, this amounted to payment for Plaintiff's "Regular" hours at a rate of $29.55 per hour.

26. $29.55 per hour is exactly 1.5 times $19.70 hour.

27. Defendant paid Plaintiff a bonus in the amount of $850.00 on August 20, 2021.

28. The amount of this $850.00 bonus and all other bonuses paid by Defendant to Plaintiff and similarly-situated employees was determined based on a formula Defendant maintained and explained to employees in advance that was based on objective factors, such as the amount of revenue and profit generated by the Wendy's franchise fast-food restaurant/store at which the employee was employed; the bonuses were not discretionary (that is, Defendant assured employees in advance the bonuses would be paid if the objective factors were met, and the employees accordingly reasonably expected the bonuses, and Defendant could not and never did exercise discretion to refuse to pay the bonuses if the objective factors were met).

29. Under these circumstances, an employer is required by law, including as made clear in 29 C.F.R. § 778.208, to include the bonus compensation in calculating the employee's overtime rate of pay.

30. However, although Plaintiff worked overtime (in excess of forty hours in a workweek) during the period of time over which the $850.00 bonus was earned, Defendant did not in any way include the $850.00 in calculating the amount of overtime compensation earned by Plaintiff for that overtime work; instead, it paid Plaintiff only exactly 1.5 times his base hourly rate of pay for that overtime work.

31. Defendant paid numerous other similar bonuses to Plaintiff and similarly-situated employees who performed overtime work and, like the $850.00 bonus reflected in Exhibit 2, did not include those bonuses in calculating the overtime rate of pay.

32. These bonuses formed a substantial part of the compensation of Plaintiff and the similarly-situated employees; indeed, Defendant had paid Plaintiff alone $7,409.25 in such bonuses from January 1, 2021 to August 20, 2021 alone.

33. Defendant is a sophisticated operation; it does not merely own one Wendy's franchise fast-food restaurant/store, but upon information and belief operates 142 such Wendy's franchise fast-food restaurant/stores in multiple states of the United States; in addition, many of the same management who control Defendant also control Defendant's sister companies, which operate 9 Blaze Pizza franchise restaurant/stores, 45 Krispy Kreme franchise restaurants/stores, 123 Denny's franchise restaurants/stores, and 68 El Pollo Loco franchise restaurants/stores.

34. Upon information and belief, Defendant does not consider bonus compensation in calculating the overtime rates of pay of any of the employees of any of these 378 restaurants/stores, and does so as a conscious decision to extract additional profit from the stores by violating

employees' rights in ways that Defendant believes no employee will ever be able to effectively challenge; in short, Defendant has decided it will make more money by violating the law relating to bonuses and overtime than it would make by complying with that law, and so it consciously violates the law.

### C. The FLSA Applies to the Work of the Employees.

35. The work of Plaintiff and the similarly-situated employees of operating Defendant's Wendy's franchise fast-food restaurants/stores involved interstate commerce, including but not limited to regularly accepting and processing customers' payments using debit and credit cards that resulted in payments to Defendant involving multiple states, and Defendant is therefore subject to the FLSA with respect to Plaintiff and the similarly-situated employees.

36. In the alternative, Defendant is subject to the FLSA with respect to all employees of Defendant.

37. Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

38. Further, Defendant employs two or more employees who, as part of their work, handle goods and/or materials that have been transported in interstate commerce.

39. Accordingly, Defendant meets the definition of an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203.

### V. Collective Action Allegations Relating to Defendant's Violation of the FLSA.

40. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and other similarly-situated employees.

41. Plaintiff will file a motion for notice to the similarly-situated employees, and will more fully define the requested scope of the notice and proposed collective in that motion.

42. Plaintiff further reserves the right to redefine the proposed collective group prior to the Court's ruling on any motion by Defendant for "de-certification" of the collective group under the FLSA, as may be warranted, appropriate and/or necessary.

43. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself individually and on behalf of any individuals who opt-in to this action; Plaintiff proposes that other employees may opt-in using the blank consent form attached hereto as Exhibit 3 (as alleged separately above, Plaintiff himself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 1).

44. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

45. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee compensation, timekeeping and payroll practices, including:

   a. whether Defendant has engaged in a pattern or practice of paying bonus compensation that should have been included in calculating the overtime rate of pay, but not including the bonus compensation in calculating the overtime rate of pay, in violation of the FLSA;

   b. whether the conduct of Defendant was willful;

   c. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

46. Defendant failed to compensate Plaintiff and the similarly-situated employees for

all overtime hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek, and did so because Defendant regularly paid bonus compensation which was part of employees' compensation for work performed, but Defendant disregarded such compensation and did not include it in calculating employees' overtime rates of pay for overtime work performed during the period over which the bonus was being earned.

47. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

48. The Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

49. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

50. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

51. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email, text messaging and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively,

9

interest), and attorneys' fees and costs under the FLSA.[1]

### VI. Class Action Allegations Relating to Defendant's Violation of State Law Pursuant to Federal Rule of Civil Procedure 23.

52. Plaintiff brings Counts II of this lawsuit individually and as a class action pursuant to Fed. R. Civ. P. 23 under the Kentucky Wages and Hours Act on behalf of himself and all similarly-situated current and former employees of Defendant who worked for Defendant in Kentucky and were not paid full compensation owed for their overtime work within the last five years, because Defendant failed to include bonus compensation in calculating employees' overtime rates of pay.

53. Plaintiff is a member of the class he seeks to represent.

54. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

55. Under the KWHA, employers are required to pay wages to employees, including overtime compensation to non-exempt employees for overtime work performed by such employees.

56. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation at a rate that included both the employees' base hourly rate of pay and bonus pay violated the KWHA.

57. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

---

[1] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation of the illegal practices by Defendant after the filing of the Complaint will be used by Plaintiff as further evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

58. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including whether, as a result of allowing and/or requiring work during unpaid meal break periods, Defendant failed to pay employees wages (including overtime compensation) owed.

59. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

60. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

61. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

62. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

# COUNT I

### Violation of the FLSA: Failure to Properly Pay Overtime Compensation
### (On Behalf of Plaintiff and the FLSA Collective)

63. All previous paragraphs are incorporated as though fully set forth herein.

64. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

65. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

66. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

68. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

69. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without full overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

70. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

71. In violating the FLSA, Defendant acted willfully and with reckless disregard of

clearly applicable FLSA provisions.

72. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ.*
### BY NONPAYMENT OF WAGES

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

75. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

76. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

77. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

78. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

79. Defendant is not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

80. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class

by, *inter alia*, failing to compensate them for all hours worked, including hours in excess of forty per workweek at one and one-half their "regular rate" of pay.

81. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

82. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

83. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all other similarly situated:

    a. The issuance of process, and the bringing of Defendant before the Court;

    b. An order directing Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    c. An order after Plaintiff is provided with an opportunity for discovery certifying under Rule 23 a class of similarly-situated employees whose rights were violated by Defendant under state law, and thereafter a judgment granting the class all relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class

    d. A jury trial on all issues of fact;

    e. A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for unpaid overtime compensations, to the fullest extent permitted under the law;

    f.  A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for liquidated damages to the fullest extent permitted under the law;

    g.  A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    h.  Such other and further relief to which Plaintiff, the FLSA Collective and/or the Rule 23 Class is entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*